# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DANIEL ANGEL RODRIGUEZ,** | ) | CASE NO. 7:20CV00285 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **WILLIAM BARR,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Plaintiff Daniel Angel Rodriguez, a federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331.[1]  Rodriguez complains that the defendant's failure to supervise a subordinate official allowed Rodriguez to be convicted and sentenced to prison for trafficking in a substance that should never have been criminalized: ADB-FUBINACA.[2]  After review of the record and taking judicial notice of court rulings in Rodriguez's prior court actions related to his current claim, the court concludes that Rodriguez's Bivens complaint must be summarily dismissed as frivolous.[3]

Rodriguez recently raised a similar issue before this court in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  In dismissing that petition, the court summarized the relevant facts:

> Rodriguez was charged in a superseding indictment with a number of counts related to his alleged participation in a drug trafficking organization that operated within the Southern District of Florida and elsewhere providing ADB-

---

[1] When he filed this Bivens complaint, Rodriguez was confined at the United States Penitentiary in Lee County, Virginia ("USP Lee"), located within this judicial district.

[2] The court will use the capitalized name of this substance, as it appears in that format throughout the related criminal case in the Southern District of Florida, United States v. Rodriguez, No. 1:17-cr-20904-UU (S.D. Fla.) (see, e.g., Superseding Indictment, ECF No. 58).

[3] A complaint filed by an inmate against "a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

> FUBINACA, a schedule I synthetic cannabinoid, to federal inmates housed in various facilities. [Rodriguez] pleaded guilty to all of the counts against him, without the benefit of a written plea agreement, on August 20, 2018. His guilty plea included a written factual proffer, which both he and his two attorneys signed. United States v. Rodriguez, No. 1:17-cr-20904-UU (S.D. Fla.), ECF No. 166. The factual proffer included some dates of specific transfers of ADB-FUBINACA to inmates, with one of those before April 10, 2017, and seventeen of them after that date. Id. at 2; see also id., ECF No. 184 (transcript of guilty plea proceeding).
>
> Rodriguez later filed a motion to withdraw his guilty plea, id., ECF No. 215, which the court denied, id., ECF No. 222. . . . He was sentenced to a total term of imprisonment of 400 months.

Rodriguez v. Streeval, No. 7:20CV00589, 2020 WL 6729294, at *1–2 (W.D. Va. Nov. 16, 2020) (Urbanski, J.).

In Bivens, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331, in limited circumstances, to award monetary damages and other relief to persons who prove a deprivation of constitutional rights through the conduct of individual federal officials. 403 U.S. at 392. In his Bivens complaint, Rodriguez sues William Barr, Attorney General of the United States ("USAG").[4] According to Rodriguez, Barr improperly supervised his subordinate, Chuck Rosenberg, who exercised powers delegated to him by the USAG official to place ADB-FUBINACA on a temporary list of schedule I substances on April 10, 2017. Rodriguez contends that Rosenberg failed to ensure that this substance met the criteria required for such placement. The plaintiff provides documentation purported to show that ADB-FUBINACA presents no risk to the public. He asserts that because of Barr's supervisory failures, this substance was improperly listed temporarily as illegal beginning on April 10, 2017 and was later improperly added to the permanent list of illegal substances, again without proper evidence of its harmfulness. As relief for Barr's alleged wrongdoing, Rodriguez asks the court

---

[4] Rodriguez lists Barr's mailing address as Department of Justice facility in Springfield, Virginia.

to order Barr to declare these actions to be errors, to remove ADB-FUBINACA, retroactively, from all federal schedules of illegal substances, and to pay Rodriguez compensatory and punitive damages.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, and therefore, caselaw involving § 1983 claims is applicable in Bivens actions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 839-47 (1994); Harlow v. Fitzgerald, 457 U.S. 800, 814–820, n. 30 (1982).

It is well established that a prisoner cannot use a civil rights action to attack "the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).[5] Thus, a civil rights claim for monetary damages or equitable relief is not cognizable if it implies the invalidity of a criminal conviction. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Poston v. Shappert, 222 F. App'x 301, 301 (4th Cir. 2007) (unpublished) (applying Heck rationale to bar claims for damages under § 1983 and Bivens). Under the rule set forth in Heck, a prisoner cannot use a civil rights action to obtain relief

> where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence. . . . [A] prisoner's [civil rights] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. at 81-82. Therefore, a Bivens action that essentially challenges the validity of a criminal judgment is barred by Heck, absent a showing that the underlying criminal

---

[5] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

judgment has already been invalidated by other means.  See Heck, 512 U.S. at 486-87 (prisoner may not bring civil rights claims regarding allegedly unconstitutional convictions unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

The court concludes that Rodriguez's claims against Barr fall squarely in the category of civil rights claims barred by Heck.  The heart of his case is the argument that ADB-FUBINACA was improperly and unlawfully classified as an illegal substance.  If he could persuade a fact finder to agree with this contention, that finding would necessarily imply the invalidity of Rodriguez's convictions for trafficking in the substance.  Certainly, Rodriguez presents no evidence that his convictions for ADB-FUBINACA trafficking have been invalidated or overturned.  Accordingly, the court finds that his Bivens claims against Barr are barred by Heck.  Therefore, the court will summarily dismiss the entire action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous.  An appropriate order will be entered herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER:  This  24th  day of November, 2020.

_____
Senior United States District Judge